**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CRYSTAL SWEET, | No. 21-55057 |
| Plaintiff-Appellant, | D.C. No.<br>5:19-cv-00663-JVS-MRW |
| v. | |
| RUIZ, Correctional Office, official and individual capacity; RALPH DIAZ, Acting Secretary of Cal Dept of Corr. U Rehab; official and individual capacity; JOHN DOES, 1 thru 5, Rules and Policy Management Department of CDCR, official and individual capacity; JANE DOES, 1 thru 5, Rule and Policy Managment Department Office, official and individual capacity, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted July 5, 2022**
San Francisco, California

_____

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: WALLACE, FERNANDEZ, and SILVERMAN, Circuit Judges.

Crystal Sweet, a California prisoner, appeals pro se from the district court's grant of summary judgment in favor of Correctional Officer M. Ruiz and the Secretary for the California Department of Corrections and Rehabilitation[1] ("CDCR") in her 42 U.S.C. § 1983 action. We affirm.

The district court did not err in granting summary judgment. We review de novo a district court's summary judgment. *See Thomas v. Ponder*, 611 F.3d 1144, 1149 (9th Cir. 2010); *see also Byrd v. Maricopa Cnty. Sheriff's Dep't*, 629 F.3d 1135, 1140–41 (9th Cir. 2011) (en banc). CDCR policy[2] did not require that Sweet be searched by a guard who was biologically female, and even if Officer Ruiz's search of Sweet were in violation of CDCR policy, a mere violation of CDCR policy does not establish the violation of a constitutional right. *See Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009); *cf. Sandin v. Conner*, 515 U.S. 472, 481–82, 115 S. Ct. 2293, 2299, 132 L. Ed. 2d 418 (1995).

---

[1] At the time of filing the complaint, the CDCR Secretary was named defendant Ralph Diaz. The current CDCR Secretary is Kathleen Allison. *Kathleen Allison, CDCR Secretary*, CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, https://www.cdcr.ca.gov/about-cdcr/secretary/ (last visited June 13, 2022).

[2] Cal. Dep't. of Corr. & Rehab., Operations Manual, Ch. 5, Art. 19, § 52050.16.7 (2022).

Additionally, the evidence Sweet presented does not establish as a matter of law that she was subjected to an unreasonable search in violation of the Fourth Amendment. *See Grummett v. Rushen*, 779 F.2d 491, 496 (9th Cir. 1985); *cf. Byrd*, 629 F.3d at 1141. Likewise, she has not established as a matter of law that she suffered a violation of her Eighth Amendment rights. *See Somers v. Thurman*, 109 F.3d 614, 622–23 (9th Cir. 1997); *cf. Bearchild v. Cobban*, 947 F.3d 1130, 1144–45 (9th Cir. 2020).

The district court did not abuse its discretion in denying leave to amend. *See M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983). Amendment of the complaint would be futile and cause undue delay because it would not cure the lack of evidence that resulted in summary judgment, and Sweet has not argued that she can provide any additional evidence at this late stage to support her claims. *See id.*

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam). Also, because we affirm the district court's summary judgment, we need not address Defendants' additional arguments regarding qualified immunity and Eleventh Amendment immunity.

**AFFIRMED.**